# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 07-11951-cag |
| | § | |
| ELIZABETH RENE CORN, | § | |
| | § | |
| Debtor | § | CHAPTER 7 |

| | | |
|---|---|---|
| CHANNING N. CORN, | § | ADV. NO: 07-1154 |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ELIZABETH RENE CORN, | § | |
| | § | |
| Defendant. | § | |

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY (20) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE CRAIG GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW, CHANNING N. CORN,** (hereinafter referred to as "Plaintiff"), Plaintiff in the above captioned and numbered adversary proceeding ("Adversary") and files this his Motion For Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure as made applicable through Rule 7056 of the Rule of Bankruptcy Procedure, and would show the Court as follows:

# I.

## Case History and Background

Defendant in this case is **Elizabeth Rene Corn**, Debtor herein, the former spouse of Plaintiff. Defendant filed her Chapter 7 Bankruptcy proceeding on October 22, 2007. Plaintiff is one of the creditors listed in this Bankruptcy petition.

Plaintiff and Defendant were divorced on October 19, 2006 by the entry of an Agreed Final Decree of Divorce that was signed by both parties and entered by the 345th State District Court of Travis County, Texas. Among other things, the Agreed Final Decree of Divorce provided

> "It is ORDERED that Elizabeth Rene Corn shall pay, as a part of the division of the estate of the parties, the following debts and obligations and shall indemnify and hold Channing Nicol Corn and his property harmless from any failure to so discharge such debts and obligations.
>
> . . .
>
> 4. Fifty percent (50%) of the parties debt to the Internal Revenue Service for tax year 2001.
>
> 5. The MBNA America Line of Credit account no: 749 XXXXX XX 350." Final Decree of Divorce, Page 23

A copy of the Agreed Final Decree of Divorce is attached hereto as Exhibit P-1 and incorporated herein by reference as if fully set forth at length.

Plaintiff and Defendant have now paid their 2001 income tax obligation in full, although during a recent deposition of Defendant, she indicated that she had filed her 2006 1040 income tax return (where she received a refund of $5,476.00) as an "injured spouse" and was seeking the return of this money. In the event that this, in fact, occurs, the debt to the Internal Revenue Service will no longer be considered as paid in full and the liability will again have to be addressed. A copy of the transcript from the Internal Revenue Service showing that the liability for this year has been paid in full is attached hereto as Exhibit P-2 and incorporated herein by reference as if fully set forth at length. From this transcript, Plaintiff has created a spreadsheet that shows which payments or offsets were made by, or credited to, Plaintiff and which payments or offsets were made by, or credited to, Defendant from the payments as shown by the Internal Revenue

Service transcript. A copy of this document is attached hereto as Exhibit P-3 and incorporated herein by reference as if fully set forth at length. According to Plaintiffs calculations, Defendant has underpaid her obligations on this tax liability by the amount of $2,692.99. Plaintiff requests that this amount be determined by this Court to be nondischargeable in this bankruptcy proceeding, as well as any amount subsequently refunded to Defendant on her "Injured Spouse" claim that is then added back to the amount due for tax year 2001.

Although Plaintiff contends that he had no knowledge of the MBNA (now Bank of America) account and never used this account, it is nonetheless appearing on his credit report. During the divorce proceeding, Defendant signed an affidavit indicating that she had applied for the line of credit without the consent or authorization of Plaintiff. A copy of this affidavit is attached hereto as Exhibit P-4 and incorporated herein by reference as if fully set forth at length. Defendant scheduled this debt as a general unsecured liability in the amount of $48,895.38. To this point in time, Bank of America has made no efforts to collect this debt from Plaintiff, but in the event that Bank of America or it successors or assigns were to undertake such an effort and Plaintiff were ultimately found to be liable on this account, Plaintiff requests that the amount of any judgment ultimately awarded against him as well as all sums incurred by Plaintiff in the defense of any such lawsuit be found to be nondischargeable as well.

## II.

### Standard For Motion For Summary Judgment

Summary Judgment is proper where the moving party demonstrates that:

> The pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56c, **Celotex Corp. v. Catrett,** 477 U.S. 317, 323 (1986); **Ragas v. Tennessee Gas Pipeline Co.,** 136 F. 3d 455, 458 (5th Cir. 1998) ("[a] party is entitled to summary judgment if it can demonstrate that there is no issue of material fact and that it is entitled to judgment as a matter of law."); Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue as to

any material fact and the moving party is entitled to judgment as a matter of law. *Federal Deposit Insurance Corp. v. Hamilton.* 939 F. 2d 1225, 1228 (5th Cir. 1991). The purpose of a summary judgment is to pierce pleadings and to assess proof to see whether there is a genuine need for trial. *George v. Bourgeois*, 852 F. Supp. 1341 (U.S.D.C., E.D.Tex. Beaumont 1994).

Once the moving party satisfies this burden, the nonmovant must then oppose the motion by going beyond the pleadings and presenting affirmative evidence through its own affidavits or by depositions, answers to interrogatories, and admissions on file designating specific facts showing a genuine issue for trial. *In re Calvillo*, 263 B.R. 214 (Bankr.W.D.Tex.2000) citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324. On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute bars summary judgment only when the disputed fact is determinative under governing law. *Id.* At 250, 106 S. Ct. 2505.

Because the pleadings, the attached exhibits and the affidavit attached to Plaintiffs' Motion for Summary Judgment show that there is no material issue of fact, this adversary proceeding is ripe for summary judgment in Plaintiffs' favor.

### III.
### Relevant Law

## The Standard for Denial of Discharge Under 11 U.S.C. §523(a) (15)

Section 523(a) (15) of the Bankruptcy Code provides that

"[a] discharge under section 727, . . . of this title does not discharge an individual debtor from any debt — to a spouse, former spouse or child of the debtor and not of a kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]"

This provision was substantially modified by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 from the old version of this section. This new version is a manifestation of congressional intent to make anything encompassed by a Final Decree of Divorce nondischargeable in a Bankruptcy proceeding. Therefore, "[t]o

be excepted from discharge under this provision, the debt must: (1) be to a spouse, former spouse, or child of the debtor; (2) not be of the type described in §523(a) (5), i.e., not a domestic support obligation; and (3) have been incurred in the course of a divorce or separation . . ." *In re Schweitzer*, 370 B.R. 145, at 150 (S.D. Ohio 2007) See also *In re Douglas,* 369 B.R. 462 (Bkrtcy. E.D. Ark. 2007) "Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable. Thus, in cases under chapters 7 and 11 and in cases under Chapter 12, all of which base dischargeability on the subsections on section 523(a), the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining dischargeability of the debt." *In re Tracy*, 2007 WL 420252*2-3 (Bankrtcy. D. Idaho 2007)

## IV.

## Argument

### A.

**Debtors' obligation to pay the 2001 1040 income taxes
should be nondischargeable under 11 U.S.C. §523(a) (15).**

In the Agreed Final Decree of Divorce entered by the state district court Defendant was order to "pay, as a part of the division of the estate of the parties, the following debts and obligations and shall indemnify and hold Channing Nicol Corn and his property harmless from any failure to so discharge such debts and obligations. Fifty percent (50%) of the parties' debt to the Internal Revenue Service for tax year 2001. (Final Decree of Divorce, Page 23, 4.) As shown in Exhibits P-2 and P-3, this debt has now been paid in full by the IRS offsetting both Plaintiff and Defendants 2006 income tax refunds and by Plaintiff making a series of monthly payments until the obligation was paid in full. Plaintiff has calculated the difference between the offsets that he has been subject to and the payments that he has made and the offsets that Defendant has been subject to and has determined that Defendant owes him the sum of $2,692.99. Defendant has made no payments other than the offsets to her tax refunds. In addition, during her deposition conducted on April 11, 2008, Defendant indicated that she had claimed injured spouse on her tax refund for 2006 and was seeking the return of the money offset from

that year in the approximate amount of $5,476.00. Plaintiff does not believe that Defendant will be successful in this effort, but in the event that she is, Plaintiff requests that this amount, together with any penalties and interest that are subsequently assessed by the Internal Revenue Service as a result of this action be determined to be nondischargeable pursuant to 11 U.S.C. §523(a)(15).

**B.**

**Debtors' obligation to indemnify and hold harmless Plaintiffs and Plaintiffs property is nondischargeable under 11 U.S.C. §523(a) (15)**

Among the other obligations imposed upon Defendant in the Agreed Final Decree of Divorce was to pay, as a part of the division of the estate of the parties, the following debts and obligations and shall indemnify and hold Channing Nicol Corn and his property harmless from any failure to so discharge such debts and obligations. The MBNA America Line of Credit account no: 749 XXXXX XX 350." (Final Decree of Divorce, Page 23, 5) This obligation was listed in Defendants bankruptcy schedules in the amount of $48,895.38. As such it is nondischargeable pursuant to 11 U.S.C. §523(a)(15).

Plaintiff first contends that he is not personally liable on this account and that he did not authorize Defendant to open this account or to use it in the fashion in which it was used. As such Plaintiff believes he has no personal liability on this account, however, this account is appearing on is credit report. To the extent Plaintiff is ever pursued in a legal forum on this debt, Defendant is required to hold both Plaintiff and Plaintiff's property harmless from this debt. "And it is clear that a 'hold harmless agreement in a divorce decree imposes liability upon the obligor to *all consequences* of his failure to pay.'" ***In re Schweitzer***, 370 B.R. 145 (Bkrtcy. S.D. Ohio 2007) citing ***Salerno v. Crawford (In re Crawford)***, 236 B.R. 673, 677 (Bankrtcy. E.D. Ark. 1999). Emphasis in original. The Court in ***Schweitzer*** then went on to state that "[w]hatever the extent of Deborah and Vincent's liability to Wells Fargo and Homecomings may be, Deborah's obligation under the Separation Agreement to hold Vincent harmless on the mortgage and related indebtedness is a debt excepted from discharge by §523(a)(15)." ***Schweitzer***, 370 B.R. at 154.

## V.
### Summary

Plaintiff would show that based upon the fact that Defendant was ordered in the Agreed Final Decree of Divorce entered by the State District Court of Travis County, Texas to pay both of the obligations referenced above, these obligations are nondischargeable pursuant to 11 U.S.C §523(a)(15).

**WHEREFORE, PREMISES CONSIDERED, CHANNING N. CORN,** Plaintiff herein, respectfully prays that this Court grant his Motion for Summary Judgment and determine that the obligations imposed upon Defendant by the Agreed Final Decree of Divorce entered by the 345th State District Court of Travis County, Texas on October 19, 2006 be determined to by nondischargeable in this Bankruptcy proceeding and for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**THE LAW OFFICES OF
DOUGLAS J. POWELL, P.C.**
820 West 10th Street
Austin, Texas 78701
Telephone: (512) 476-2457
Facsimile: (512) 477-4503

  /s/ Douglas J. Powell
Douglas J. Powell
Attorney for Plaintiff, Channing Corn
Texas Bar No: 16194900
Email: djpowell@swbell.net

## **CERTIFICATE OF SERVICE**

By my signature above, I hereby certify that a true and correct copy of the foregoing was sent via first class mail, postage prepaid, the **14th day of April, 2008** to the following:

U.S. Trustee
903 San Jacinto Blvd., Suite 230
Austin, TX 78701-2450

Elizabeth Rene Corn
16908 Copperhead
Round Rock, TX 78664

Lindsay O. Sharpe
1405 Rio Grande
Austin, TX 78701

C. Daniel Roberts,
Chapter 7 Trustee
1602 E. Cesar Chavez
Austin, TX 78702

/s/ Douglas J. Powell
Douglas J. Powell
Attorney for Plaintiff, Channing Corn