

**SIGNED this 09th day of July, 2008.**

_Craig A. Gargotta_
_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ELIZABETH RENE CORN, | § | CASE NO. 07-11951-CAG |
| Debtor. | § | Chapter 7 |

| | | |
|---|---|---|
| CHANNING N. CORN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 07-1154 |
| | § | |
| ELIZABETH RENE CORN, | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND
### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is the Plaintiff Channing N. Corn's Motion for Summary Judgment filed April 14, 2008  (Doc. #11) and the Defendant's Response thereto filed April 25, 2008 (Doc. #18). Also, being considered is the Defendant/Debtor Elizabeth Rene Corn's Motion for Summary Judgment filed April 14, 2008 (Doc. #12) and Plaintiff's response thereto filed April 18, 2008 (Doc.

1

#13).  A hearing was held on May 14, 2008, at which attorneys for both parties appeared.

In sum, at issue is the dischargeability of three debts incurred during the marriage of Channing and Elizabeth Corn.  Both parties agree that there are no genuine issues of material fact relating to the debts at issue, that the decision is a legal one.  Plaintiff asserts that Defendant should remain liable to Plaintiff for certain marital debts pursuant to 11 U.S.C. § 523(a)(15), an exception to discharge for debts arising out of a divorce.  Defendant contends in her motion for summary judgment that the Court must determine the legal issue whether these obligations constitute spousal support under § 523(a)(5), which she claims they are not, thus, such debts are dischargeable.

The Court has reviewed the motions for summary judgment and the responses to the motions thereto and has considered the argument and evidence of counsel.  Based on the foregoing, the Court will grant the Plaintiff's Motion for Summary Judgment and will deny the Defendant's Motion for Summary Judgment for the reasons stated below.

The Court has subject matter jurisdiction of the parties' dispute pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) ( administration of the estate) and (b)(2)(I) (determinations as to the dischargeability of certain debts) on which this Court can enter a final judgment.  The following represents the Court's findings of fact and conclusions of law made pursuant to Bankruptcy Rules 7052 and 9014.

THE PARTIES' CONTENTIONS

Plaintiff argues under the applicable version of § 523(a)(15), which was substantially modified by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), any debt covered under a final decree of divorce is nondischargeable.  As such, property settlement obligations in a divorce decree are deemed nondischargeable if the filing spouse seeks to discharge an obligation of the non-filing spouse wherein the divorce decree contains a provision that "holds harmless" the other spouse should the spouse responsible for paying the obligation not pay.  Plaintiff cites to post-BAPCPA case law.

Defendant contends in her motion for summary judgment that the debts at issue are not in the nature of spousal support as required to meet the exception to discharge stated in § 523(a)(5).  Thus, she contends the debts are dischargeable.  Plaintiff responds to argue that he is seeking to have

the three debts held nondischargeable under § 523(a)(15), not § 523(a)(5).

Defendant asserts that the Court should consider pre-BAPCPA case law in deciding this matter. Specifically, Defendant asks the Court to weigh the relative incomes of the parties and to consider the equities when determining whether the debts are dischargeable. She asserts that Plaintiff has significantly higher income than Defendant. Defendant also asks the Court to consider the detrimental effect that paying these debts would have on her to ability to support the parties' children, given that she has custody.

## UNDISPUTED FACTS

1. Plaintiff and Defendant were married.

2. Plaintiff and Defendant entered into an Agreed Final Decree of Divorce entered October 19, 2006 in Cause No. FM-06-002712 in the 345th Judicial District Court of Travis County, Texas (the "Decree"). The Decree provides in relevant part that both Plaintiff and Defendant were each obligated to make payments towards certain debts. *See* Exhibit 1 to Plaintiff's Motion for Summary Judgment, Agreed Final Decree of Divorce.

3. Plaintiff argues that three of the debts, (1) the parties' joint debt to the Internal Revenue Service for 2001 individual income taxes (Form 1040); (2) an MBNA American Line of Credit, account no. 749 XXXXX XX 350; and (3) a Wells Fargo Visa credit card account, account no. XXXX-XXXX-XXXX-1856, are subject to discharge under 11 U.S.C. § 727(a). As such, Plaintiff argues Defendant will discharge her obligation on these debts while Plaintiff may remain personally liable to pay the debts.

4. The Decree requires each party to pay one-half of the $33,000.00 tax liability owed for 2001. *See* Exhibit 1, Decree at p. 23. Plaintiff's unrebutted statement is that the 2001 IRS tax liability has been paid in full. Plaintiff has provided an IRS tax transcript for the parties' joint tax liability for 2001. *See* Exhibit 2 to Plaintiff's Motion for Summary Judgment, IRS Account Transcript. The IRS transcript indicates that the 2001 tax liability has been paid in full but for $2.11 in accrued interest. *See Id.* In addition, Plaintiff has calculated that he has paid $2,692.99 more than his fifty percent share of the 2001 tax liability. *See* Exhibit 3 to Plaintiff's Motion for Summary Judgment, Accounting of 2001 IRS Income Tax. As such, Plaintiff asks that the Court find that he

3

may seek reimbursement from Defendant in the amount of $2,692.99 for overpaying his share of the parties' 2001 tax liability.  Defendant listed the IRS debt on her Schedule "F" in the amount of $33,000 and seeks a discharge of personal liability for this debt.

Plaintiff also asks for additional relief based upon the fact that Defendant had claimed injured spouse on her tax refund for 2006, seeking the return to her of money offset by the IRS against the 2001 tax debt in the amount of $5476.  However, Defendant admits in her response to Plaintiff's motion for summary judgment that she applied for this relief too late, and it has been denied.

5.  The Decree also provides that Defendant hold harmless and indemnify Plaintiff for the discharge of a MBNA America Line of Credit, account no. 749 XXXX XX 350. *See* Exhibit 1, Decree at p. 23.  Defendant has listed the MBNA American Line of Credit in her Schedules, specifically Schedule "F," in the amount of $48,895.38 and seeks a discharge from any personal liability for the MBNA obligation.[1]  This debt was incurred without the concurrence of Plaintiff nor did Plaintiff co-sign for the MBNA obligation. *See* Exhibit 4 of Plaintiff's Motion for Summary Judgment (Defendant's affidavit acknowledging that Plaintiff did not apply for the MBNA debt nor consent to same).

6.  The Decree provides that Defendant hold harmless and indemnify Plaintiff for the discharge of a debt to Wells Fargo (now Bank of America), account no. XXXX-XXXX-XXXX-1856 in the amount of $12,478.00 as a sole debt of Defendant and that she was to pay pursuant to the Decree. *See* Exhibit 1, Decree at p. 23.  Defendant has listed this Wells Fargo credit card debt in her Schedules, specifically Schedule "F," and seeks a discharge from any personal liability for this obligation. Although Plaintiff did not seek relief as to this debt in his motion for summary judgment, Plaintiff does seek a finding from this Court that Defendant must indemnify him should the creditor seek collection of this debt from him.

7.  Defendant listed a co-debtor for all three of these debts in her Schedule "F" and she identifies Plaintiff as the co-debtor in her Schedule "H."

---

[1]  In Schedule F, Defendant listed this debt as owed to Bank of America in the amount of $48,895.38, account number XXXXXXXXXX2350. The account number is listed differently than in the Decree but appears to be the same account.

4

CONCLUSIONS OF LAW

Summary Judgment Standard

Bankruptcy Rule 7056 applies Rule 56(c) of the Federal Rules of Civil Procedure to adversary proceedings. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). To the extent facts are undisputed, a Court may resolve a case as a matter of law. Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2552; Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994). The Fifth Circuit has stated "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Analysis Under § 523(a)(15)

BAPCPA significantly modified certain subsections of § 523, including § 523(a)(15). The revised subsection applies to cases filed after October 17, 2005. Because the Defendant's chapter 7 case was filed on October 22, 2007, there is no question that the post-BAPCPA version of § 523(a)(15) determines the parties' dispute.

Revised § 523(a)(15) provides that:

> [a] discharge under section 727, . . . of this title does not discharge an individual debtor from any debt - to a spouse, former spouse or child of the debtor . . . that is incurred by the debtor in the course of a divorce or separation or in connection with the separation agreement, divorce decree or other order of the court of record, or a determination made in accordance with State or territorial law by a government unit . . ..

11 U.S.C. § 523(a)(15).

Subsection § 523(a)(15), as it existed prior to BAPCPA, required a court to consider two exceptions which, if applicable, could allow the debt at issue to be dischargeable, such as whether the defendant debtor could pay the debt and whether, by looking at certain factors, it was equitable

5

to find the debt dischargeable. After the modification made by BAPCPA, the ability to discharge debts falling within the scope of § 523(a)(15) is significantly limited, with the balancing of the hardships-type exceptions eliminated. Now,

> To be excepted from discharge under this provision, the debt must: (1) be to a spouse, former spouse, or child of the debtor; (2) not be the type described in section 523(a)(5), i.e., not a domestic support obligation; and (3) have been incurred in the course of divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court.

*In re Schweitzer*, 370 B.R. 145, 150 (S.D. Ohio 2007).

In *Schweitzer*, the divorcing parties negotiated an "hold harmless" agreement in which each would indemnify the other for certain debts. The *Schweitzer* court noted that the hold harmless provision created a new debt between the divorcing parties. *Id.* Additionally, a hold harmless agreement for a credit card obligation was not a "domestic support obligation" that would be excepted from discharge under § 523(a)(5) but fell directly within the exception to discharge of § 523(a)(15). *Id.* at 152. As another court has noted, the practical effect of how obligations arising out of a marital relationship are classified in an individual's chapter 7 and 11 cases, and in cases under chapter 12, no longer exists in a § 523(a) context: such debts are not discharged, whether they are domestic support obligations or are other types of obligations arising out of a marriage dissolution, such as property settlement obligations. *In re Tracy*, 2007 WL 420252, at *2 (Bankr. D. Idaho Feb. 2, 2007) (citing 4 Collier on Bankruptcy ¶ 523-118- 523-119 (2006)); *In re Douglas*, 369 B.R. 462, 464-65 (Bankr. E.D. Ark. 2007) (making a similar decision and citing *Tracy* and this same section of Collier).

Defendant cites to a pre-BAPCPA case of ***Knoll v. Knoll (In re Knoll)***, Chapter 7 Case. No. 05-45814, Adv. No. 05-04259 (Bankr. E. D. Tex. Aug. 28, 2007) in which the court considered the defendant's ability to pay the debts at issue and, alternatively, considered factors that balanced the benefit to the defendant against the detriment to the plaintiff in making the debts dischargeable. Defendant argues that this same inquiry should occur here, i.e., the law analyzing pre-BAPCPA cases should apply and the Court should consider the financial situation of the parties when determining whether a debt awarded as part of a divorce is dischargeable, a balancing of the equities consideration. However, the court that issued the ***Knoll*** opinion has issued a later opinion which

specifically states that the post-BAPCPA law has deleted the tests of a debtor's ability to pay and the balancing of the equities.  *See Cole v. Cole (In re Cole)*, Chapter 7 Case No. 06-42158, Adv. No. 07-4037 (Bankr. E. D. Tex. April 15, 2008).  In *Cole*, the court compared the text of § 523(a)(15) as it existed both pre- and post-BAPCAP.  *Cole*, slip op. at 5.  It did not hesitate to find the debts at issue nondischargeable under the post-BAPCPA version of § 523(a)(15) because the debts at issue "were incurred in the course of the dissolution of the Debtor's marital relationship with the Plaintiff."  *Cole*, slip op. at 6. This Court will follow *Schweitzer* and *Cole.*

It is undisputed that the 2001 individual income tax liability was the sole and joint tax liability of both Channing and Elizabeth Corn.  The Decree states that the liability was incurred during the marriage and that both parties were subject to paying one-half of the obligation. *See* Exhibit 1, Decree at p. 23.  Defendant listed the IRS debt on her Schedule "F" in the amount of $33,000 and seeks a discharge of personal liability for it.  Further, the uncontradicted evidence shows that Plaintiff has made payments in the amount of $2,692.99 more than his fifty percent share of the 2001 tax liability.  Based on the Decree, and using the analysis under *Schweitzer* and *Cole*, the Court finds that the 2001 individual income tax liability was a joint liability between the parties that required each spouse to pay fifty percent of the liability.  Further, the liability is not in the nature of a domestic support obligation but was incurred in the course of the dissolution of the parties' marital relationship.  Plaintiff has met his burden under § 523(a)(15), and he has a right of reimbursement from Defendant for overpaying Plaintiff's share of the 2001 income tax liability in the amount of $2,692.99.  This debt will be held nondischargeable.

Further, the uncontradicted evidence regarding the Defendant's MBNA America Line of Credit is that the Defendant incurred the debt without the concurrence or participation of Plaintiff. *See* Exhibit 4 of Plaintiff's Motion for Summary Judgment (Defendant's affidavit acknowledging that Plaintiff did not apply for the MBNA debt nor consent to same).  The Decree provided that Defendant hold harmless and indemnify Plaintiff for the discharge of a MBNA America Line of Credit, account no. 749 XXXX XX 350.  *See* Exhibit 1, Decree at p. 23.  Defendant listed the MBNA American Line of Credit in her Schedule "F" in the amount of $48,895.38 and seeks a discharge of her personal liability for this debt.  Defendant, not Plaintiff, has the liability to pay this debt.  Further, the liability is not in the nature of a domestic support obligation but was incurred in

7

the course of the dissolution of the parties' marital relationship.  Based on the Decree, and following *Schweitzer* and *Cole*, this debt will be held nondischargeable.

Likewise, the Decree requires Defendant to pay the debt owed to Wells Fargo (now Bank of America), account no. XXXX-XXXX-XXXX-1856 in the amount of $12,478.00 as a sole debt of Defendant.  Further, Defendant is required under the Decree to hold the Plaintiff harmless from any discharge of this debt.  *See* Exhibit 1, Decree at p. 23.  Defendant listed this Wells Fargo credit card debt in her Schedule "F" and seeks a discharge of personal liability for this obligation.  This liability is not in the nature of a domestic support obligation but was incurred in the course of the dissolution of the parties' marital relationship.  Based on the Decree, and following *Schweitzer* and *Cole*, this debt will be held nondischargeable.

Plaintiff is entitled to judgment as a matter of law that the three debts should be excepted from Defendant's discharge. This decision disposes of the cause of action asserted by Plaintiff in his Complaint to Determine Dischargeability of Debt.  There being no other pending causes of action, this adversary proceeding will be concluded by a judgment consistent with this decision

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted, such that the debts listed below are held nondischargeable under 11 U.S.C. § 523(a)(15), which debts Defendant was ordered to pay and hold Plaintiff harmless for said payment pursuant to the Agreed Final Decree of Divorce between Channing Nicol Corn and Elizabeth Rene Corn entered October 19, 2006 in Cause No. FM-06-002712 in the 345th Judicial District Court of Travis County, Texas, such that Defendant remains liable to pay the following:

1) $2,692.99 owed to Plaintiff and attributable to the 2001 tax liability for individual income taxes (Form 1040) owed to the Internal Revenue Service by both parties;

2) the full amount owed on the MBNA American Line of Credit, account no. 749 XXXX XX 350; and

3) a Wells Fargo Visa credit card account, account no. XXXX-XXXX-XXXX-1856.

IT IS FURTHER ORDERED that Defendant/Debtor Elizabeth Rene Corn's Motion for Summary Judgment filed April 14, 2008 (Doc. #12) is denied.

# # #